Ouria, per Dunkin, Ch.
It is not deemed necessary to consider the second and fourth grounds of the defendants’s appeal, as the court are of opinion that, upon the construction of the will, the complainants’s claim must be sustained.
The clause of the will on which the rights of the parties depend, is in these words, viz :
.“I give to my wife, Ann Michau, in lieu Of her dower, the use of one-fourth part of my personal estate, during her life; and, at her death, to return to my estate, with the increase of the negroes, and the whole to be equally divided among my surviving children, or the heirs of their bodies, share and share alike.”
It is manifest that the will was not prepared by a professional man, although it exhibits no want of ordinary clearness, in conception or expression. Its language should receive, then, the ordinary interpretation ; and, if possible, every word should have its full efficacy. In this view, the term “ or,” must have its common, natural signification, which is alternative on the part of the complainants. It is insisted, in the first ground of appeal, that “ by the proper construction of the will, the survivorship must be held to relate to the death of the tenant for life, and the defendants were, therefore, entitled in remainder, to the exclusion of complainants.” This construction can only benefit the defendants by disregarding the latter branch of the sentence. Conceding that the survivorship refers to the period of the termination of the life estate, what is meant by the alternative provision, “or the heirs of their bodies ¶” Cer-. tainly not the heirs of the bodies of the surviving children. Again, if only the surviving children could take, and al] *320 had died, pending the life estate, leaving children, these children could take nothing as purchasers under their grand-father’s will, because the parents did not survive the tenants for life. The court would not adopt such construction, except from necessity. As the terms “or the heirs of their bodies” cannot, sensibly, be construed to mean heirs of the bodies of the children then in esse, it is proper to en-quire whether they are susceptible of a different interpretation, without doing violence to any established rules. On the death of his widow, the testator directs the share given to her, with the increase, to return to his estafe, “and the whole to be equally divided among his surviving children, or the heirs of their bodies, share and share alike.”
It seems to the court, that this provision was intended for such of the children as might survive the tenant for life, and for the heirs of the bodies (or children) of those who might not have so survived. This gives full effect to the term “or,” used in its natural sense. When a distribution is directed among his surviving children, or the heirs of their bodies, it is equivalent to saying, among my children who may survive, or the heirs of the bodies of those who may not survive; for no children could, at that time, have heirs, except those who had not survived.
To give any effect to the alternative expression, and to the latter part of the sentence, it must be construed to refer to the heirs of the bodies of the children who had predeceased the tenant for life.
In Montague vs. Nuelea, 1 Russell, 170, Lord Eldon uses this language: “The words cannot be fully satisfied without giving to each some interest.” “Here the word is ‘orboth are not to take; but either the parent or the children in the alternative; and though, in many cases, ‘off has been construed ‘and,’ you must shew an intention requiring that. The natural import is to exclude the one from any participation of that which is given to the other.”
It was said, in the argument, that the testator evidently did not look beyond his children, and did not contemplate the contingency of their death, leaving issue. This supposition seems not warranted by a reference to other clauses of the will making provision for his children. In the last clause, the testator thus declares: “All the remaining *321 parts of my personal estate, I leave to be equally divided between my children, share and share alike, as soon as they shall arrive at the age of twenty-one years, or, otherwise, at the day of marriage, which shall first commence; but if either of my children should die before they are of age, or have lawful issue to survive them, then, and in that case, their share so dying, to return to my surviving children, share and share alike.” From this clause it would seem that the testator intended a right by survivorship, to attach only in the event that a deceased child had left no lawful issue to survive him. This aids the construction which the parties themselves adopted in making the partition, and which, as far as the court can judge, best comports with the general intention of the testator.
It is ordered and decreed that the appeal be dismissed.
Johnson, Chancellor, concurred.
Johnston, Chancellor, absent from indisposition.